**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**VIRGINIA ROSE JOHNSON,**
        **Plaintiff,**

**v.**                                            **CIVIL ACTION NO. 3:09CV46**

**COMMISSIONER**
**OF SOCIAL SECURITY,**
        **Defendant**.

## REPORT AND RECOMMENDATION/OPINION

This matter is before the undersigned United States Magistrate Judge pursuant to Defendant Commissioner of Social Security's Motion to Dismiss [Docket Entry 7] filed March 5, 2010, and Plaintiff's Response thereto [Docket Entry 11] filed March 12, 2010.

### STATEMENT OF UNDISPUTED FACTS

The following facts are not in dispute. On June 21, 2005, Plaintiff filed an application for a period of disability and disability insurance benefits (DIB). Plaintiff's application was denied initially on November 11, 2005, and upon reconsideration on April 4, 2006. Plaintiff requested a hearing which was held on June 13, 2007, before an Administrative Law Judge. The Administrative Law Judge entered an unfavorable decision on July 10, 2007. On July 25, 2007, Plaintiff requested review of the hearing decision. By letter dated May 4, 2009, the Appeals Council denied Plaintiff's request for review of the ALJ's decision. The letter informed Plaintiff that she had 60 days to file a Complaint with the Court if she disagreed with the decision. The 60 days would start the day after Plaintiff's receipt of the letter, which the Appeals Council assumes is five days after the date on the letter. According to Defendant the statute of limitations for filing a complaint with this Court ran July 8, 2009. According to Plaintiff the statute of limitations ran on July 9, 2009.[1] Plaintiff properly

---

[1]Although the date itself is disputed, the actual date is immaterial to the disposition of this motion.

filed her Complaint in this Court on July 10, 2009 [Docket Entry 4], either one or two days past the statute of limitations.

## DISCUSSION

The Social Security Act provides that civil actions seeking judicial review of a final decision of the Commissioner must be commenced within sixty days after the mailing of a notice of the decision. 42 U.S.C. section 405(g). The limitations period has been modified by the regulations so that it begins to run only upon receipt of the notice rather than upon its mailing. 20 CFR section 422.210(c). The regulation further provides that receipt is presumed to be five days after mailing, unless there is a "reasonable showing to the contrary." Id. If the plaintiff rebuts the five-day presumption, the Commissioner has the burden of showing that the plaintiff received actual notice within the time provided in the regulations. The actual date of receipt is not at issue in this case, however.

There is further no dispute that Plaintiff, through counsel, faxed to the clerk a Civil Cover Sheet [Docket Entry 1] and paid the filing fee [Docket Entry 2] on July 2, 2009, before the statute of limitations ran. A review of the fax itself indicates counsel transmitted two pages excluding the fax cover sheet. The two pages are the Civil Cover Sheet and the first page of a Complaint.[2] The

---

[2] The Civil Cover Sheet and Notice of Filing of a Civil Action are the only civil, *non-pro se* documents excepted from mandatory electronic filing. See United States District Court for the Northern District of West Virginia Attorney Filing Manual at p. 2. Specifically regarding Social Security cases, the manual states:

> Absent a showing of good cause, litigants shall file and notice all documents in social security reviews, except case opening documents under sections 9.1 and 9.2 below, electronically.

9.1 and 9.2 concern Service of Process.

docket entry advises that the clerk that same date directed counsel to electronically file the "case opening documents" [Docket Entry 1]. The Civil Cover Sheet Form explicitly states on its face:

> The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.

The Attorney Filing Manual further provides:

> 8. Commencement of a Civil Action.
>
>    A. Filers must deliver a civil cover sheet and the appropriate filing fee to the Clerk's Office by mail, personal delivery or other means to open new civil actions.
>
>    B. Upon the civil cover sheet and filing fee [sic], the Clerk's Office will open the case and assign a case number. Once the case is open, the Clerk's Office will electronically notify the filer to file the civil complaint, petition, notice of removal, or other documents.[3]
>
>    C. After receiving the electronic notice from the clerk, the filer shall electronically file the complaint, petition, notice of removal, or other initiating document. Electronic delivery of the complaint, petition, notice of removal, or other initiating document to the court's CM/ECF System constitutes "filing."
>
>    D. **NOTE: Pursuant to Rule 3 of the Federal Rules of Civil Procedure, the statute of limitations is <u>not</u> tolled by this procedure until the complaint, petition, notice or removal, or other initiating document is filed with this Court and the filing fee is paid.**
>    (Emphasis in original)

A review of the docket indicates the clerk followed the proper procedure in this case. The civil cover sheet was faxed to the clerk's office at 1:32 on July 2, 2009, along with the first page of a

---

[3]Parties who retain attorneys will file electronically through their attorneys . . . .

Complaint. At 2:37 a "Correction" to the Civil Cover Sheet was filed (apparently changing the Nature of Suit from 863 DIWC/DIWW (405(g)) to 864 SSID Title XVI.) Counsel called the clerk's office with a credit card number to pay the filing fee. The clerk then directed counsel, on July 2, 2009, to electronically file the case opening documents. Counsel for Plaintiff admits:

> At that point, Counsel should have electronically filed the complaint. Counsel did not because she mistakenly believed that faxing the complaint to the clerk with the Civil Cover Sheet and fee was sufficient and she did not catch an email telling her to file the complaint.

Counsel argues: "It should be without dispute that a complaint existed on July 2, 2009; otherwise the Clerk would not have accepted the filing fee or assigned a number to the case." This argument is, however, incorrect. As noted above, upon receipt of the civil cover sheet and filing fee, the Clerk's Office will open the case and assign a case number. Once the case is open, the Clerk's Office will electronically notify the filer to file the civil complaint, petition, notice of removal, or other documents. There need not be an actual complaint filed for the clerk to accept the filing fee or assign a number to the case. Counsel further argues: "All the necessary documents to institute a suit were filed with the Clerk on July 2, 2009, seven days before the deadline to file." The faxes received by the Clerk's office, however, do not support this contention, because there is no full Complaint, but only the first page, contained in the fax. This was apparently intentional, considering the number of pages actually contained in the fax coincides with the number of pages stated on the fax cover sheet.

The Court therefore finds Plaintiff did not file her Complaint on July 2, 2009.

The 60-day requirement for filing a complaint is not jurisdictional, but rather constitutes a period of limitations. See Bowen v. City of New York, 476 U.S. 467 (1986). It is, however, a condition on the United States' waiver of sovereign immunity and thus must be strictly construed.

Id. The statute of limitations of 405(g) is designed to be "unusually protective" of claimants, and Congress has invested the Commissioner with the authority to toll the sixty-day period should he find it necessary in a particular case. See Heckler v. Day, 467 U.S. 104 (1984), which also provides:

> While in most cases the Secretary will make the determination whether it is proper to extend the period within which review must be sought, cases may arise where the equities in favor or tolling the limitations period are "so great that deference to the agency's judgment is inappropriate."

Id. (emphasis added). In this case, Plaintiff did not request the Commissioner enlarge her time to file, even on the day the Court entered the order which indisputably informed Plaintiff her complaint had not been filed.

The Supreme Court in Bowen concluded that "traditional equitable tolling principle[s]" apply to the 60-day requirement of 405(g). Id. The Fourth Circuit held, in a non-Social Security case:

> Any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore that any resort to equity must be reserved for those rare instances where-- due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000).

As stated by the Supreme Court in another context, "principles of equitable tolling . . . do not extend to what is at best a garden variety claim of excusable neglect." Irwin v. Dept of Veterans Affairs, 498 U.S. 98 (1990)(Title VII case)(equitable tolling did not apply where petitioner's lawyer was absent from the office when the EEOC notice was received, and petitioner filed within 30 days of the date he personally received notice.) Equitable tolling is appropriate when, but only when, "extraordinary circumstances beyond [the petitioner's] control prevented him from complying with

the statutory time limit." Harris, supra at 330. The Fourth Circuit has held that "a mistake by a party's counsel in interpreting a statute of limitations does not present the extraordinary circumstance beyond the party's control where equity should step in to give the party the benefit of his erroneous understanding." Harris, supra at 331. As stated in Rouse, supra, the majority of other circuits agree.

> *See Merritt v. Blaine*, 326 F.3d 157 (3d Cir. 2003)(applying general rule that "attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary circumstances required for equitable tolling'" . . .; *Beery v. Ault*, 312 F.3d 948 (8th Cir. 2002)("Ineffective assistance of counsel generally does not warrant equitable tolling."); *Fierro v. Cockrell*, 294 F.3d 674 (5th Cir. 2002)("[C]ounsel's erroneous interpretation of the statute of limitations provision cannot, by itself, excuse the failure to file [the] habeas petition in the district court within the one-year limitations period."); *Smaldone v. Senkowski*, 273 F.3d 133 (2d Cir. 2001)("[A]ttorney error [is] inadequate to create the 'extraordinary" circumstances equitable tolling requires."); *Frye v. Hickman*, 273 F.3d 1144 (9th Cir. 2001)("We conclude that the miscalculation of the limitations period by Frye's counsel and his negligence in general do not constitute extraordinary circumstances sufficient to warrant equitable tolling."); *Taliani v. Chrans*, 189 F.3d 597 (7th Cir. 1999)(holding that a lawyer's miscalculation of the limitation period was not a valid basis for equitable tolling); *Sandvik v. United States*, 177 F.3d 1269 (11th Cir. 1999) (refusing to apply equitable tolling where late filing was caused by attorney's use of ordinary mail to send petition less than a week before it was due); *Gilbert by Gilbert v Sec. of Health & Human Servs.*, 51 F.3d 254 (Fed. Cir. 1995)("the negligence of Gilbert's attorney does not justify applying equitable tolling.") . . . .

339 F.3d at 248.

The Fourth Circuit in Rouse further stated: "Moreover, the actions of [Plaintiff's] attorney[] [is] attributable to [Plaintiff], and thus do not present "circumstances external to the party's own conduct." (quoting Harris, 209 F.3d at 330). See also Irwin (Under our system of representative litigation, each party is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney.)

It has been held in other courts in the Social Security context that an attorney's mistake is

not a ground for equitable estoppel. See Davila v. Barnhart, 225 F.Supp.2d 337 (S.D.N.Y. 2002)(stating that "attorney error or miscalculation is not one of the rare circumstances in which equitable tolling is permissible.") Significantly, the court in Davila noted that strict application of the traditional principles of equitable tolling was particularly harsh because the plaintiff there (as here) filed her complaint only one day late. The court explained, however, that the limitations period under the Social Security Act is part of a waiver of sovereign immunity that must be strictly construed. Id. Further, the plaintiff bears the burden of establishing exceptional circumstances that warrant equitable tolling. See Boos v. Runyon, 201 F.3d 178 (2d Cir. 2000).

Here, even if counsel believed she had correctly filed the complaint by fax–indeed, even if she had actually faxed the complaint, she was directed by the clerk at least six days before the statute of limitations would run that she must electronically file her complaint.[4] She admits she "did not catch" the email directing her to do so.

Based on all of the above, the undersigned finds Plaintiff did not file her Complaint within the 60 day time limit under the statute of limitations, and further finds the statute of limitations should not be tolled on the basis of excusable neglect. The undersigned therefore recommends Defendant's Motion to Dismiss Plaintiff's Complaint be GRANTED.

## RECOMMENDED DECISION

For the reasons above stated, the undersigned United States Magistrate Judge respectfully recommends Defendant's "Motion to Dismiss Plaintiff's Complaint" [Docket Entry 7] be **GRANTED** and this case dismissed and stricken from the Court's docket.

---

[4]The Court notes neither it nor the clerk's office had any reason to know when the statute of limitations would run, as there is no document that contains the date of the Appeals Council's letter

Any party may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable John Preston Bailey, Chief United States District Court Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to send a copy of this Report and Recommendation to counsel of record.

Respectfully submitted this 5 day of April, 2010.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE