**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**VIRGINIA ROSE JOHNSON,**

    Plaintiff,

v.                                            **Civil Action No. 3:09-CV-46
(BAILEY)**

**MICHAEL J. ASTRUE,
Commissioner of Social
Security,**

    Defendant.

**ORDER ADOPTING REPORT AND RECOMMENDATION**

**I.**    <u>Introduction</u>

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation ("R&R") of United States Magistrate Judge John S. Kaull [Doc. 13] and the plaintiff's Objections thereto [Doc. 14]. Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, failure to file objections permits the district court to review the R&R under the standards that the district court believes are appropriate, and under these circumstances, the parties' right to *de novo* review is waived. *See* **Webb v. Califano,** 468 F.Supp. 825 (E.D. Cal. 1979). Accordingly, this Court will conduct a *de novo* review only as to those portions of the R&R to which the plaintiff objected. The remaining portions of the R&R will be reviewed for clear error. As a result, it is the opinion of this Court that the R&R should be **ORDERED ADOPTED**.

II.     Background

On July 10, 2007, an Administrative Law Judge ("ALJ") entered an unfavorable decision regarding the plaintiff's June 21, 2005, application for a period of disability and disability insurance benefits ("DIB").  On July 25, 2007, the plaintiff requested review of the ALJ's decision.  By letter dated May 4, 2009, the Appeals Council denied the plaintiff's request.  The letter informed the plaintiff that she had 60 days to file a complaint in the United States District Court for the Northern District of West Virginia if she disagreed with the decision.  *See also* 42 U.S.C. § 405(g).  The 60-day statute of limitations began to run the day after the plaintiff's receipt of the letter, which the Appeals Council assumes is five days after the date on the letter.  *See* 20 C.F.R. § 422.210(c).  Accordingly, the plaintiff had until July 8, 2009, to file her complaint.[1]

On July 2, 2009, at 1:32 p.m., the plaintiff's counsel faxed the Civil Cover Sheet [Doc. 1] and the first page of the Complaint [Doc. 4] to the Clerk's Office.  Shortly thereafter, the plaintiff's counsel called the Clerk's Office to provide credit card information for paying the filing fee.  At 2:37 p.m., the plaintiff's counsel re-faxed the Civil Cover Sheet, correcting the nature of the suit.  At 2:51 p.m., the Clerk docketed the corrected Civil Cover Sheet, which simultaneously generated a Notice of Electronic Filling ("NEF").  This NEF, which the plaintiff's counsel automatically received in the form of an e-mail, highlighted the following docket text:

>   CIVIL COVER SHEET.  Filing fee paid and case opened as of this date.
>   Attorney directed to electronically file case opening documents. (cmd)

---

[1]The plaintiff contends that the statute of limitations ran on July 9, 2009.  However, even assuming that contention is accurate, this Court would reach the same conclusion as below.

[Doc. 1].

On July 9, 2009, the magistrate judge entered an Order Directing Counsel to Appear and Show Cause [Doc. 3]. Specifically, the Order directed the plaintiff's counsel to appear on July 16, 2009, at 9:00 a.m., and show cause for why the plaintiff's civil action should not be dismissed for failure to file a complaint in accord with Rule 3 of the Federal Rules of Civil Procedure. (Id. at 1). The next day, on July 10, 2009, the plaintiff filed the Complaint [Doc. 4]. The Order to Show Cause was vacated on July 16, 2009 [Doc. 5].

On March 5, 2010, the defendant filed the pending Motion to Dismiss [Doc. 7], arguing that the plaintiff's Complaint should be dismissed as untimely. (Id. at 2-3). Further, the defendant argued, no circumstances exist to justify equitable tolling of the 60-day statute of limitations. (Id. at 3). In response, the plaintiff argued that her Complaint was timely filed, citing the July 2, 2010, fax [Doc. 12]. Alternatively, the plaintiff argued that the statute of limitations should be equitably tolled "due to the misunderstanding of counsel about the actual electronic filing of the original complaint." (Id. at 3).

On April 5, 2010, the magistrate judge entered his Report and Recommendation ("R&R") [Doc. 13]. The R&R recommends that this Court grant the defendant's Motion to Dismiss [Doc. 7]. (Id. at 7). The magistrate judge provides two bases for his recommendation of dismissal. First, the magistrate judge found that the plaintiff did not file her Complaint on July 2, 2009, explaining that the fax contained only the Civil Cover Sheet and the first page of the Complaint. (Id. at 4). Second, the magistrate judge found that the failure of the plaintiff's counsel to file the Complaint once the NEF directed her to "electronically file case opening documents" falls within the realm of attorney mistake, which is not a ground for equitable estoppel. (Id. at 6-7).

3

III.     Discussion

In her Objections [Doc. 14], timely filed on April 19, 2010, the plaintiff takes issue with the analysis of the magistrate judge. First, the plaintiff contends that her Complaint was not untimely filed. (Id. at 1). In support of this contention, the plaintiff argues that "[a]ll the necessary documents to institute a suit were filed with the Clerk on July 2, 2009, seven days before the deadline to file." (Id. at 2). Second, the plaintiff contends that the statute of limitations should be equitably tolled. (Id. at 2). In support of this contention, the plaintiff argues that she lacked actual and constructive knowledge of the deficiency, she was diligent in pursuing her rights, the defendant has not been prejudiced, and she had reasonable ignorance regarding electronic filing. (Id. at 3-4). The Court will now consider each of the plaintiff's objections, in turn.

   **A.     Timeliness of the Complaint**

The July 2, 2009, fax of the Civil Cover Sheet and the first page of the Complaint did not constitute the filing of the Complaint. First, the Civil Cover Sheet itself states, "The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law . . .." ([Doc. 1] at 1). Second, the plaintiff does not dispute that the fax contained only the first page of the Complaint. Even if it had contained the entire Complaint, however, only the "[e]lectronic delivery of the complaint, petition, notice of removal, or other initiating document to the court's CM/ECF System constitutes 'filing.'" *See* UNITED STATES DISTRICT COURT FOR THE NORTHER DISTRICT OF WEST VIRGINIA ATTORNEY FILING MANUAL. Thus, the plaintiff first properly filed her Complaint on July 10, 2009. The statute of limitations ran on July 8, 2010, or at the very least, on July 9, 2010. Accordingly, there can be no question that the

4

plaintiff's Complaint was untimely. As such, the plaintiff's objection to the magistrate judge's finding that the Complaint was untimely is **OVERRULED**.

### B.     Equitable Tolling

The circumstances of this case do not justify equitable tolling. The unfamiliarity of the plaintiff's counsel with electronic filing is insufficient to remove this case from the garden variety of attorney error or neglect cases, which courts generally hold are inappropriate for equitable tolling. *See e.g.,* ***Davila v. Barnhart***, 225 F.Supp.2d 337, 339 (S.D.N.Y. 2002).

The 60-day filing requirement at issue in this case is subject to equitable tolling. ***Bowen v. City of New York***, 476 U.S. 467, 480 (1986). However, equitable tolling requires a showing of both extraordinary circumstances and due diligence. In other words, the doctrine of equitable tolling permits courts to deem filings timely where a litigant can show that "he has been pursuing his rights diligently" and that "some extraordinary circumstance stood in his way." ***Pace v. DiGuglielmo***, 544 U.S. 408, 418 (2005) (quoting ***Irwin v. Department of Veterans Affairs***, 498 U.S. 89, 96 (1990)). The doctrine does not "extend to what is at best a garden variety claim of excusable neglect." ***Irwin***, 498 U.S. at 96. In the Fourth Circuit, equitable tolling is only available when "extraordinary circumstances beyond [the plaintiff's] control prevented him from complying with the statutory time limit." ***Harris v. Hutchinson***, 209 F.3d 325, 330 (4th Cir. 2000). In this regard, the Fourth Circuit considers the actions of a plaintiff's counsel attributable to the plaintiff, and thus, not "circumstances external to the party's own conduct." ***Rouse v. Lee***, 339 F.3d 238, 246 (4th Cir. 2003) (quoting ***Harris***, 209 F.3d at 330)).

Here, the plaintiff argues that she was duly diligent and that this case presents

5

extraordinary circumstances.  As for diligence, the plaintiff argues that her timely payment of the $350.00 filing fee and her filing of the first page of the Complaint demonstrates the diligence with which she is pursuing her rights.  Moreover, the plaintiff appears to cite her counsel's unfamiliarity with electronic filing as the extraordinary circumstance preventing her from filing the Complaint on time.

Even assuming the plaintiff has demonstrated diligence, she has not shown an extraordinary circumstance that was outside of her counsel's control.  That her counsel's unfamiliarity with electronic filing led to the mistaken belief that her Complaint had been timely filed is no extraordinary circumstance.  See **Townsley v. Astrue**, No. 8:07-CV-1335, 2008 WL 1897598 (M.D. Fla. April 28, 2008) ("[T]he fact that [the plaintiff's] counsel is allegedly unfamiliar with the court's filing systems does not entitle [the plaintiff] to an equitable tolling of the statute of limitations.").  Even if extraordinary, this circumstance was not one outside of counsel's control.  This remains true even when considering that the NEF indicated the case had been "opened as of [07/02/2009]."  See **Kellum v. Comm'r of Soc. Sec.**, 295 Fed.Appx. 47, 50-51 (6th Cir. 2008) (rejecting an argument that a NEF stating the complaint had been "filed on 12/6/2006" constituted a circumstance beyond a plaintiff's attorney control that excused his failure to provide credit card information for the filing fee).  To the contrary, counsel's decision to represent a plaintiff in federal court obligated her to become familiar with electronic filing.

Moreover, the Court questions how much familiarity would have been required to follow the Clerk's directive to "electronically file case opening documents" had the plaintiff's counsel not overlooked the NEF.  This oversight, however, does not present a ground for

6

equitable tolling. See **Davila v. Barnhart**, 225 F.Supp.2d 337, 339 (S.D.N.Y. 2002) (attorney error or neglect does not constitute an extraordinary circumstance that justifies equitable tolling).[2]

For these reasons, this Court will not apply its powers in equity to toll the 60-day limitation for the filing of the plaintiff's Complaint. As such, the plaintiff's objection to the magistrate judge's finding that the circumstances do not justify equitable tolling is **OVERRULED**.

IV. Conclusion

Upon careful review of the R&R, it is the opinion of this Court that the Magistrate Judge's Report and Recommendation **[Doc. 13]** should be, and hereby is, **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. Further, the plaintiff's Objections **[Doc. 14]** are **OVERRULED**. Therefore, this Court **ORDERS** that the defendant's Motion to Dismiss **[Doc. 7]** is hereby **GRANTED**. Accordingly, the Court hereby **DISMISSES WITH PREJUDICE** the plaintiff's Complaint **[Doc. 4]** and **ORDERS** it **STRICKEN** from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record.

---

[2]The plaintiff also argues that the defendant cannot show that it was prejudiced by the untimely filing of her Complaint, as it was filed only one or two days late. However, absence of prejudice alone is insufficient to justify equitable tolling. See **Baldwin County Welcome Ctr. v. Brown**, 466 U.S. 147, 152 (1984) ("Although absence of prejudice is a factor to be considered in determining whether the doctrine of equitable tolling should apply . . ., it is not an independent basis for invoking the doctrine and sanctioning deviations from established procedures.").

**DATED**: June 8, 2010.

/s/ John Preston Bailey
JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE